UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR JULIAN TURNER, | CASE NO. 3:20-CV-5472-BHS-DWC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | Noting Date: August 21, 2020 |
| TORI TALKEY, et al., | |
| Defendants. | |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff[1] filed a Motion for Preliminary Injunction ("the Motion") on June 16, 2020. Dkt. 8. The Court concludes Plaintiff is seeking injunctive relief on matters outside the claims raised in the underlying action. Accordingly, the Court recommends the Motion be denied without prejudice.

---

[1] Based on the allegations in the Amended Complaint, Plaintiff is a transgender prisoner and uses a feminine pronoun. Dkt. 8, 10. Plaintiff alleges Mikailah Kay Sweetgrass-Turner is Plaintiff's legal name, however, all correspondence must be directed to the "commitment name" of Victor Julian Turner. Dkt. 10 at 1.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, who is housed at Stafford Creek Corrections Center ("SCCC"), alleges the following constitutional violations in the Amended Complaint: (1) violations of the Eighth Amendment and Equal Protection Clause when Plaintiff's previous cell changes and housing assignments were denied; (2) violations of the First Amendment when Defendants conspired to provide false information in a grievance investigation and attempted to chill Plaintiff's expression of being transgender; and (3) violations of the Eighth Amendment when Plaintiff was identified using a male pronoun. Dkt. 10 at 8-10.

In the Motion, Plaintiff alleges having been placed in a new housing assignment and is receiving the requested medical treatment. Dkt. 8. Plaintiff requests the Court order Defendants to stop any future transfer to a new housing assignment. Dkt. 8.

Plaintiff filed the Motion on June 16, 2020. Dkt. 8. On July 6, 2020, Defendants[2] filed the Response. Dkt. 19. On July 13, 2020, Plaintiff filed a Reply. Dkt. 20.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

---

[2] At the time Defendants' Response was filed, Defendants Downing and Headly had not yet filed waivers of service. *See* Dkt. In the Response, counsel for Defendants indicated waivers would be forthcoming shortly, and were filed on July 20, 2020. *See* Dkt. 21-23. Counsel has also entered an appearance for Defendants Downing and Headly. *See* Dkt. 21.

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

In the Amended Complaint, Plaintiff alleges between July 2019 and April 2020, Defendants violated Plaintiff's constitutional rights by denying previous requests for housing assignments, conspired to provide false information in a grievance investigation, attempted to chill Plaintiff's expression of being transgender; and identified Plaintiff using a male pronoun. Dkt. 10 at 8-10. In the Motion, Plaintiff seeks injunctive relief directing Defendants (with the exception of Defendant Downing) to maintain the existing housing assignment for the duration of this litigation. Dkt. 8 at 1. Plaintiff speculates it *may* be necessary to move Plaintiff to another

1 | housing unit in the future because of "forecasted conflicts of interest, or the potential for the
2 | Defendants to not act fairly in the future[.]" Dkt. 8 at 2. Plaintiff's Motion seeks to prevent any
3 | future housing assignment changes because Plaintiff has now started receiving hormone
4 | replacement therapy and counseling for gender dysphoria. Dkt. 8 at 2-3. Plaintiff also wishes to
5 | continue seeing Plaintiff's medical provider, who is assigned based on the current assigned
6 | housing unit. *Id.* at 3.

7 |     Plaintiff's current housing assignment and any future transfers occurred or would occur
8 | after the events alleged in the Amended Complaint. Dkt. 10. Plaintiff's attempt to connect any
9 | subsequent change in housing assignment is based on Plaintiff's speculation that such acts would
10 | be connected to Defendants' prior actions despite the fact that no such transfer has occurred and
11 | Plaintiff has not alleged any facts to suggest a connection. While both the Amended Complaint
12 | and Motion challenge Plaintiff's housing assignments, the former is focused on past requests
13 | which were denied and the latter is focused on speculative future transfers. Plaintiff's Motion is a
14 | request to remain in the current housing assignment which is not the subject matter of this action,
15 | and such allegations must be pursued through the prison administrative process and then litigated
16 | in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (*per
17 | curiam*) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that
18 | claims must be exhausted prior to the filing of the original or supplemental complaint); *Jackson
19 | v. Davis,* 2018 WL 2793947, at *2 (E.D. Cal. June 11, 2018), *report and recommendation
20 | adopted,* 2018 WL 4616466 (E.D. Cal. Sept. 24, 2018) (plaintiff not be entitled to prohibition of
21 | transfer which was not the subject matter of the underlying action).

22 |     For these reasons, the Court finds the allegations and preliminary injunctive relief
23 | requested in the Motion are unrelated to the claims alleged in the Amended Complaint.
24 |

Therefore, the Court cannot issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

## CONCLUSION

Plaintiff's Motion is not based upon the claims pled in the Amended Complaint. Accordingly, the Court recommends the Motion (Dkt. 8) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 21, 2020, as noted in the caption.

Dated this 23rd day of July, 2020.

David W. Christel
United States Magistrate Judge