UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR JULIAN TURNER,

          Plaintiff,

  v.

TORI RALKEY, et al.,

          Defendants.

CASE NO. C20-5472 BHS-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 24, and Plaintiff Victor Turner's[1] ("Plaintiff") objections to the R&R, Dkt. 25.

On July 23, 2020, Judge Christel issued the R&R recommending that the Court deny Plaintiff's motion for a preliminary injunction because the requested relief is outside the scope of the operative complaint. Dkt. 24. On August 5, 2020, Plaintiff filed objections. Dkt. 25.

---

[1] Based on the allegations in the Amended Complaint, Plaintiff is a transgender prisoner and uses a feminine pronoun. Dkt. 8, 10. Plaintiff alleges Mikailah Kay Sweetgrass-Turner is Plaintiff's legal name, however, all correspondence must be directed to the "commitment name" of Victor Julian Turner. Dkt. 10 at 1.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Plaintiff argues that the requested relief in the motion for a preliminary injunction is related to the claims in the amended complaint because she seeks an injunction preventing certain defendants from making decisions regarding her housing location. Dkt. 25 at 2. Even if Plaintiff established some relationship between the motion and her claims, the motion for preliminary relief fails because she has failed to establish immediate harm in the absence of the requested relief, which is a necessary element of preliminary relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiff's motion is based on speculation that certain defendants will change her housing assignment for some unknown reason during the pendency of this proceeding. Dkt. 8. In the absence of a legitimate threat to reassign Plaintiff or an actual reassignment, Plaintiff has failed to establish that any relief is warranted. Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**; and

(2)   Plaintiff's Motion, Dkt. 8, is **DENIED**;

Dated this 21st day of September, 2020.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2