1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

VICTOR JULIAN TURNER,

11
                            Plaintiff,

12
        v.

13
TORI TALKEY, et al.,

14
                            Defendants.

CASE NO. 3:20-CV-5472-BHS-DWC

ORDER

15

16      Plaintiff is a state prisoner proceeding *pro* se and *in forma pauperis* in this civil rights

17  action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Strike

18  Defendants' Amended Affirmative Defense (hereinafter "Motion"). Dkt. 33.

19      Defendants filed their Original Answer to the Complaint on August 17, 2020, listing

20  three affirmative defenses. Dkt. 27. On September 8, 2020, Defendants filed an Amended

21  Answer. Dkt. 31. The Court denied Plaintiff's first Motion to Strike as moot based on the filing

22  of the Amended Answer. *See* Dkt. 29, 35. Plaintiff now moves for the Court to strike

23  Defendants' affirmative defense in the Amended Answer, which is a statement "Defendants

24  reserve their right to raise additional affirmative defenses after the completion of discovery."

1  Dkt. 31 at 5. Plaintiff alleges this puts Plaintiff at a tactical disadvantage because Plaintiff is not

2  informed of the affirmative defenses Defendants may raise. Dkt. 33 at 2.

3        Defendants are required to "affirmatively state any avoidance or affirmative defenses."

4  Fed. R. Civ. P. 8(c)(1). Rule 12(f) of the Federal Rules of Civil Procedure allows a district court

5  to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

6  scandalous matter." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

7        Here, Plaintiff seeks to strike a reservation to add affirmative defenses. Dkt. 33. This is

8  not, by definition, an affirmative defense of the allegations in the Complaint, but rather, is a

9  reservation of the right to assert additional affirmative defenses after discovery. *See E.E.O.C. v.*

10 *Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010) ( "a 'reservation of

11 affirmative defenses' is not an affirmative defense[]").   Moreover, "if evidence later discovered

12 gives rise to additional defenses, the proper procedure to add such defenses would be to move

13 the Court to amend the Answer." *F.T.C. v. Stefanchik*, 2004 WL 5495267, at *3 (W.D. Wash.

14 Nov. 12, 2004); *Solis v. Zenith Capital, LLC*, 2009 WL 1324051 (N.D. Cal. May 8, 2009) (The

15 appropriate procedural mechanism for supplementing or amending an answer is laid out in the

16 Federal Rules of Civil Procedure, and "Defendant[ ] cannot avoid the requirement of Rule 15

17 simply by 'reserving' the right to amend or supplement their affirmative defenses.").

18

19

20

21

22

23

24

ORDER - 2

1      Accordingly, the Court grants Plaintiff's Motion (Dkt. 33) and strikes the reservation to

2  add affirmative defenses. *See Bushbeck v. Chicago Title Ins. Co.,* 2010 WL 11442904, at \*6

3  (W.D. Wash. Aug. 26, 2010) (striking reservation to add affirmative defenses and noting the

4  proper mechanism would be to amend the answer at a later date); *Stefanchik*, 2004 WL 5495267

5  at \*3 (same).

6      Dated this 21st day of October, 2020.

7

8              David W. Christel
               United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 3