UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR JULIAN TURNER,

    Plaintiff,

v.

TORI RALKEY, et al.,

    Defendant.

CASE NO. 3:20-CV-5472-BHS-DWC

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR EXPERT WITNESS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court are three motions filed by Plaintiff: (1) motion for appointment of counsel (Dkt. 39, "Motion for Counsel"), (2) Motion for Expert Witness at Government Expense (Dkt. 41, "Motion for Expert") and (3) Motion for Additional Discovery (Dkt. 42 "Motion for Rule 45 Discovery). Defendants have responded to all three motions. Dkts. 43, 44, 45. Plaintiff has not replied. For the reasons stated below, the Court denies

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR EXPERT WITNESS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY - 1

the Motion for Counsel and Motion for Expert and denies in part and grants in part the Motion for Rule 45 Discovery.

### 1. **Motion for Counsel (Dkt. 39)**

There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing an insufficient grasp of the case or the legal issues involved and an inadequate ability to articulate the factual basis of his or her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff contends the need for discovery, difficulties accessing the law library during restrictions imposed due to the COVID-19 pandemic, Plaintiff's past trauma and the complexity of the issues presented in this case require the assistance of counsel. Plaintiff further claims a likelihood of prevailing on the merits because Defendants have not moved to dismiss. Defendants respond that the need for discovery is common to most cases and does not present

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR EXPERT WITNESS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY - 2

extraordinary circumstances here; the issues primarily involve Plaintiff's housing assignments and are not complex; difficulties with law library access can be addressed by requesting continuances when necessary; and the lack of a motion to dismiss does not signal a likelihood of success.

The Court agrees with Defendants. This case is still in its early stages and the Court cannot conclude Plaintiff is likely to succeed. The mere lack of a motion to dismiss (or even the denial of such a motion if one had been brought) in no way foreshadows the ultimate success of a claim. The need for discovery here is no different than in any other case and does not render Plaintiff's case "extraordinary." Similarly, all confined plaintiffs during this ongoing pandemic face law library access issues; Plaintiff may seek continuances of any specific deadlines affected by such issues. Finally, while Plaintiff may find the subject matter of this case emotionally difficult, Plaintiff's filings to date have evidenced a strong ability to articulate both the factual and legal bases of Plaintiff's claims. In short, this case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. Plaintiff's request for counsel is denied without prejudice.

**2**. **Motion for Expert (Dkt. 41)**

Plaintiff seeks the appointment of an expert pursuant to Fed. R. Evid. 706(a), arguing Plaintiff's conditions of gender dysphoria and post-traumatic stress disorder require expert explanation to the trier of fact. Dkt. 4 at 2.

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the payment of fees and expenses for witnesses, *see Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993), or for the waiver of such fees and expenses. *See Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997). However, Federal Rule of Evidence 706 allows the court to appoint a neutral

expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion and turns upon the complexity of the matters to be determined and the need for neutral expert review. *See Ledford v. Sullivan,* 105 F.3d 354, 358-59 (7th Cir. 1997). "Appointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . .'" *Levi v. Director of Corrections,* 2006 WL 845733 at *1 (E.D. Cal. March 31, 2006) (quoting *Ledford,* 105 F.3d at 358–59). Ordinarily, the cost of such an expert is to be shared by both parties, but the court may "apportion all the cost to one side" when appropriate. Fed. R. Evid. 706(c); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.1991), *aff'd on other grounds*, *Helling v. McKinney*, 509 U.S. 25 (1993). However, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford,* 2008 WL 793413 at *1 (S.D. Cal., March 24, 2008) (citation omitted).

      Defendants argue appointment of an expert is not appropriate because Plaintiff seeks expert testimony solely for the benefit of proving Plaintiff's case. Dkt. 44 at 2. Defendants are correct that this is not the function of a neutral expert witness and appointment for such a purpose would be inappropriate. *See Spinks v. Lopez*, 2014 WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x 499 (9th Cir. 2015) ("The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant[.]").

      To the extent Plaintiff's request can be construed as a request for a neutral expert, the issues in this case do not, at this time, appear to present extraordinary or complex factual or legal issues. Plaintiff's complaint alleges: (1) deliberate indifference to Plaintiff's gender dysphoria and post-traumatic stress disorder in assigning Plaintiff's housing, (2) alleged First Amendment

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR EXPERT WITNESS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY - 4

violations during the processing of Plaintiff's grievance, and (3) alleged misconduct by a correctional officer in addressing Plaintiff with male pronouns and titles. Dkt. 10 at 3-5, 6-7. These issues do not require deep examination of the details of Plaintiff's medical condition or the adequacy of Plaintiff's medical treatment, but instead turn upon the subjective state of mind of the Defendants. "The question of whether the prison officials displayed deliberate indifference toward [Plaintiff's] serious medical needs d[oes] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Ledford*, 105 F.3d at 359.

Furthermore, at this stage of litigation where the evidence is not yet being evaluated, the Court cannot yet determine whether the issues are so complex as to require the testimony of a neutral expert. *See Estrada v. Rowe,* 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011) ("until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact"). Accordingly, Plaintiff's motion for appointment of a medical expert (Dkt. 41) is denied without prejudice.

**3. Motion for Rule 45 Discovery (Dkt. 42)**

Finally, Plaintiff seeks the issuance of subpoenas to three non-party medical providers pursuant to Fed. R. Civ. P. 45. Dkt. 42. Plaintiff seeks the subpoenas in order to obtain answers to "interrogatories and admissions" regarding the alleged psychological harm caused by Defendants' actions. *Id*. at 1-2. Defendants oppose the motion, arguing third parties cannot be served with interrogatories or requests for admission. Dkt. 45 at 2.

Upon a party's request, "[t]he clerk *must* issue a subpoena, signed but otherwise in blank[.]" Fed. R. Civ. P. 45(a)(3) (emphasis added). The requesting party must then complete the subpoena and arrange for it to be served. *See* Fed. R. Civ. P. 45(a)(3). Rule 45 contains

ORDER DENYING PLAINTIFF'S MOTIONS TO
APPOINT COUNSEL AND FOR EXPERT
WITNESS AND GRANTING IN PART
PLAINTIFF'S MOTION FOR ADDITIONAL
DISCOVERY - 5

detailed requirements for the form, contents, and service of such a subpoena, as well as the appropriate procedure for objecting to, moving to quash, or moving to modify a subpoena.

However, Defendants are correct that a Rule 45 subpoena cannot be used to require third parties to respond to interrogatories or requests for production; those discovery methods are available only from the parties to the litigation. *See Eichler v. Sherbin*, 520 Fed. Appx. 560, 562 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Eichler's motion to compel responses to interrogatories by non-parties."); *United States v. Dollison*, No. 309CR00106SLGDMS, 2017 WL 3873698, at *8 n.6 (D. Alaska Sept. 4, 2017 ("Because [the witness] is not a party to this case, he is not subject to requests for interrogatories"). Instead, a subpoena served upon a third party may seek only (1) testimony, (2) the production of documents, electronically stored information or tangible things within the possession, custody or control of the witness, or (3) inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii).

The Court therefore denies Plaintiff's motion in part and grants it in part. Plaintiff's request that third parties be required to respond to interrogatories and requests for admission is denied. However, because Rule 45 requires the issuance of blank subpoenas upon request, Plaintiff's request for the Clerk's Office to issue subpoenas is granted.

With respect to service of the subpoenas, Plaintiff is advised that while the Clerk issues the blank subpoenas, Plaintiff is responsible for completing and serving them. Any person over the age of 18 and not a party may serve a subpoena; the party seeking the subpoena must take reasonable steps to avoid imposing an undue burden or expense on the third party upon whom it is served. *See* Fed. R. Civ. P. 45(b) and (d). Furthermore, while a plaintiff proceeding *in forma pauperis* may be entitled to obtain service of a subpoena pursuant to 28 U.S.C. § 1915(d), the plaintiff still remains responsible, despite *in forma pauperis* status, to pay all fees and costs

ORDER DENYING PLAINTIFF'S MOTIONS TO
APPOINT COUNSEL AND FOR EXPERT
WITNESS AND GRANTING IN PART
PLAINTIFF'S MOTION FOR ADDITIONAL
DISCOVERY - 6

1   associated with the subpoenas. *See Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989). In the

2   event a deposition is requested (whether upon oral examination pursuant to Fed. R. Civ. P. 30 or

3   upon written questions pursuant to Fed. R. Civ. P. 31), the party taking the deposition must

4   arrange for and pay the officer before whom the deposition is taken and must pay the witness

5   fees and mileage costs specified in Rule 45. Fed. R. Civ. P. 28(a), 30(b)(5), 31(b); 45(b)(1).

6   "Plaintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or

7   deposition officer fees." *Jackson v. Woodford,* 2007 WL 2580566, at *1. (S.D. Cal. August 17,

8   2007).

9         The Clerk's Office shall issue subpoenas in blank and mail them to Plaintiff to be

10   completed and served in accordance with Fed. R. Civ. P. 45. Because it is not clear whether

11   Plaintiff seeks testimony or documents, the Clerk shall issue three subpoenas for testimony (AO

12   88A) and three subpoenas for documents (AO 88B).

13         Dated this 13th day of January, 2021.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge

24   ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR EXPERT WITNESS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY - 7