UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR JULIAN TURNER,<br><br>  Plaintiff,<br><br>  v.<br><br>TORI RALKEY, et al.,<br><br>  Defendants. | CASE NO. 3:20-CV-5472-BHS-DWC<br><br>ORDER GRANTING LEAVE TO AMEND AND DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT ON NEWLY NAMED DEFENDANTS |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

**A. Motion to Amend**

Plaintiff has moved to amend the complaint. Dkts. 50, 53. Defendants do not oppose the motion. Dkt. 55. Accordingly, plaintiff's motion to amend is **GRANTED**. The Clerk shall docket the Proposed Second Amended Complaint (Dkt. 53) as the operative complaint in this matter.

**B. Service of Newly Added Defendants**

The Second Amended Complaint names additional defendants not previously served in this case. Plaintiff is currently incarcerated at the Stafford Creek Corrections Center and is

subject to the Court's Prisoner E-Filing Initiative pursuant to General Order 06-16. The Court, having reviewed plaintiff's second amended complaint, hereby **ORDERS** as follows:

    (1)    <u>Service by Clerk</u>

The Clerk is directed to send the following to Defendants Gregory Jones, Dennis Persell, Gina Penrose, Steve Sinclair, Risa Klemme, Tim Thrasher and Ronald Haynes by e- mail: a copy of the complaint, a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

    (2)    <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

    (3)    <u>John Doe and Jane Doe Defendants</u>

Plaintiff has also named "John Doe" and "Jane Doe" as defendants. Dkt. 53 at 5. Plaintiff is cautioned that the use of "John Doe" or "Jane Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. If plaintiff does not provide the names of the

ORDER GRANTING LEAVE TO AMEND
AND DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON NEWLY NAMED
DEFENDANTS - 2

defendants identified as Jane/John Doe so that they can be served within 90 days of this order, they may be subject to dismissal. Fed. R. Civ. P. 4(m).

      (4)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs subject to the Court's E-Filing Initiative shall indicate the date the document is submitted for e-filing as the date of service.

      (5)    <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

      (6)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

ORDER GRANTING LEAVE TO AMEND
AND DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON NEWLY NAMED
DEFENDANTS - 3

part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed.  *See* LCR 7(d)(1).  All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion.  *See* LCR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.  *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(7)     <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules.  As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

ORDER GRANTING LEAVE TO AMEND
AND DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON NEWLY NAMED
DEFENDANTS - 4

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(8)   <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

ORDER GRANTING LEAVE TO AMEND
AND DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON NEWLY NAMED
DEFENDANTS - 5

(9) The Clerk is directed to send copies of this Order, the Notice of Consent, and of the Court's *pro se* instruction sheet to plaintiff. The Clerk is further directed to send a copy of this Order and a courtesy copy of the complaint to the Washington State Attorney General's Office by e-mail. Plaintiff's motion to amend (Dkt. 50) is **GRANTED**. The Clerk shall docket the Proposed Second Amended Complaint (Dkt. 53) as the operative complaint in this matter.

Dated this 22nd day of April, 2021.

David W. Christel
United States Magistrate Judge

ORDER GRANTING LEAVE TO AMEND
AND DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON NEWLY NAMED
DEFENDANTS - 6